**Kathleen CHANDLER, Plaintiff–Appellant,**

v.

**ARIZONA PARTNERS RETAIL INVESTMENT GROUP LLC, an Arizona Limited Liability Company, Defendant–Appellee.**

No. 07–15175.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 15, 2009.*

Filed May 18, 2009.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

James Joseph Lynch, Jr., Sacramento, CA, for Plaintiff–Appellant.

Claudia Jane Robinson, Esq., David S. Worthington, Esq., Lewis Brisbois Bisgaard & Smith LLP, Sacramento, CA, Jesse J. Lad, Meyers, Nave, Riback, Silver & Wilson, Oakland, CA, for Defendant–Appellee.

Before: HUG, REINHARDT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Plaintiff Kathleen Chandler appeals the district court's judgment in favor of defendant Arizona Partners Retail Investment Group, LLC, following a jury trial on her negligence claim. Chandler also appeals the pretrial dismissal of her negligence per se claim. We have jurisdiction under 28 U.S.C. § 1291, and affirm.[1]

■ The district court did not err in dismissing Chandler's negligence per se claim. California has codified the common law rule on negligence per se, which allows a defendant's violation of a statute or regulation to create a presumption of negligence only if, *inter alia,* the "injury resulted from an occurrence of the nature which the statute . . . or regulation was designed to prevent. . . ." Cal. Evid.Code § 669(a)(3). Because the requirement set forth in the implementing regulations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* that "[b]uilt-up curb ramps shall be located so that they do not project into vehicular traffic lanes," 28 C.F.R. § 36, Appendix A, § 4.7.6, was not designed to protect against an occurrence such as the one at issue here, Chandler's negligence per se claim fails as a matter of law.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the factual and procedural background, we recite it here only so far as is necessary to aid in understanding this disposition.

■ The district court similarly did not err in refusing to admit testimony about purported ADA violations. Chandler argued that the defendant acted negligently in painting a parking lot ramp in a confusing pattern, causing her to trip. However, because the ADA regulations at issue governed the location of ramps near traffic lanes, evidence of the ramp's supposed non-compliance with those regulations was irrelevant and properly excluded under Federal Rule of Evidence 402.

■ Finally, because, as discussed above, Chandler's negligence per se claim fails as a matter of law, she was not entitled to a jury instruction on negligence per se. *See Akins v. County of Sonoma,* 67 Cal.2d 185, 60 Cal.Rptr. 499, 430 P.2d 57, 61–62 (1967).

The judgment of the district court is **AFFIRMED.**